## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROTEM COHEN AND JASON BREUNIG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiffs,<br><br>        vs.<br><br>KITOV PHARMACEUTICALS HOLDINGS LTD., ISAAC ISRAEL, and SIMCHA ROCK,<br><br>           Defendants. | **Civil Action No.: 17-cv-00917-LGS** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated July 27, 2018, is entered into among Plaintiffs Rotem Cohen and Jason Breunig (collectively "Federal Plaintiffs"), and Wesley Ng and Christopher Zulch ("State Plaintiffs", and collectively with the Federal Plaintiffs, the "Plaintiffs") and Defendants Kitov Pharmaceuticals Holdings Ltd., Inc. (whose name has been changed to Kitov Pharma Ltd.), Isaac Israel ("Federal Defendants"), Simcha Rock (together with the Federal Defendants, "Company Defendants"), Joseph Gunnar & Co., LLC and H.C. Wainwright & Co., LLC, (collectively, together with the Company Defendants, the "Settling Defendants") in *Cohen v. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Civil Action No. 1:17-cv-00917-LGS (S.D.N.Y.) (the "Federal Action") *Ng v. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Case No. 17CIV00620, and *Zulch v. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Case No. 17CIV01173 (Superior Court, State of California) (the "State Action") (collectively, the "Actions"), through their respective counsel of record relating to the above-captioned litigations. This Stipulation is intended to fully, finally and forever resolve, discharge and settle all claims

1

asserted in this Actions against Defendants subject to the approval of the United States District Court for the Southern District of New York (the "Court").

## I.   THE LITIGATION

### A.   Procedural History of the Federal Action

The Federal Action has been brought on behalf of investors in Kitov ADS from November 20, 2015 and February 6, 2017, both dates inclusive (the "Class Period") for alleged violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and §§ 11, 12, 15, of the Securities Act of 1933 (the "Securities Act").   Later, in the Amended Complaint, the Federal Plaintiffs only pursued those claims arising under the Exchange Act.

During the Class Period, Kitov sought to obtain FDA approval to market its lead drug candidate, KIT-302, a fixed dosage combination product based on two generic drugs designed respectively to treat pain and hypertension.   The Class Action Complaint for Violations of the Federal Securities Laws (the "Federal Complaint") alleges that the Federal Defendants failed to disclose certain details relating to the Kitov New Drug Application ("NDA").   Specifically, Plaintiffs claim that the Federal Defendants failed to disclose that they had falsified the blood pressure data from the KIT-302 clinical trial in order to convince an independent Data Monitoring Committee ("DMC"), tasked with assessing the statistical validity of the trial results and the necessity of recruiting additional patients, that it had achieved statistical significance and did not need to recruit additional patients for the trial before seeking FDA approval, raising a risk of regulatory scrutiny as well as the risk that the FDA would require additional costly trials or reject the drug entirely.

The Federal Complaint further asserts that the market did not learn the truth until the ISA detained Defendant Israel on February 6, 2017 on suspicion of publishing misleading

information to investors in the U.S. and Israel in connection with the KIT-302 clinical trial. The Federal Complaint alleges that a *Calcalist* article stated that the ISA found that Kitov made misleading statements in filings with securities authorities, with knowledge, beginning in December 2015 regarding the conclusions reached by the DMC. Thereafter, Kitov's ADS price fell 11.46% and its warrants fell 10%.

The Federal Action followed. By order dated June 15, 2017, the Court appointed Rotem Cohen and Jason Breunig as Lead Plaintiffs, and Pomerantz LLP as Lead Counsel. An Amended Complaint was filed June 19, 2017. The Federal Defendants filed a Motion to Dismiss the Amended Complaint and, on March 20, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss.

**B.**    **Procedural History of the State Action**

The State Action has been brought on behalf of all persons other than Defendants who purchased Kitov ADS and/or warrants pursuant and/or traceable to Kitov's initial public offering on or about November 20, 2015, or secondary public offering on or about June 28, 2016, for alleged violations of §§ 11, 12(a)(2), and 15 of the Securities Act. Later, in the Amended Complaint, the State Plaintiffs dropped their claim for alleged violations of § 15 of the 1933 Act.

During the Class Period, Kitov sought to obtain FDA approval to market its lead drug candidate, KIT-302, a fixed dosage combination product based on two generic drugs designed respectively to treat pain and hypertension. The complaint filed in the State Action (the "State Complaint") alleges that Defendants failed to disclose certain details relating to the Kitov New Drug Application ("NDA"). Specifically, Plaintiffs claim that Settling Defendants failed to disclose that they had falsified the blood pressure data from the KIT-302 clinical trial in order to convince an independent Data Monitoring Committee ("DMC"), tasked with assessing the statistical validity of the trial results and the necessity of recruiting additional patients, that it had

achieved statistical significance and did not need to recruit additional patients for the trial before seeking FDA approval, raising a risk of regulatory scrutiny as well as the risk that the FDA would require additional costly trials or reject the drug entirely.

The State Complaint further asserts that the market did not learn the truth until the ISA detained Defendant Israel on February 6, 2017 on suspicion of publishing misleading information to investors in the U.S. and Israel in connection with the KIT-302 clinical trial. The State Complaint alleges that a *Calcalist* article stated that the ISA found that Kitov made misleading statements in filings with securities authorities, with knowledge, beginning in December 2015 regarding the conclusions reached by the DMC. Thereafter, Kitov's ADS price fell 11.46% and its warrants fell 10%.

The State Action followed. By order dated April 6, 2017, the Superior Court for San Mateo County appointed Wesley Ng as Lead Plaintiff, and the Rosen Law Firm as Lead Counsel. An Amended Complaint was filed June 5, 2017. Settling Defendants filed Demurrers and, on October 25, 2017, the San Mateo Superior Court denied Defendants' demurrers.

    C.    <u>Mediation of this Action</u>

On June 19, 2018, the parties voluntarily participated in a full day mediation session presided over by David Geronemous, Esq. of Judicial Arbitration and Mediation Services ("JAMS"), which resulted in an agreement to resolve the claims asserted in the Actions for an aggregate payment of $2,000,000 to be divided among Plaintiffs and Plaintiffs' Counsel for both Actions in return for a release of all securities fraud related claims against the Defendants, including those asserted in both Actions, as further detailed below.

    D.    <u>Lead Plaintiffs' Assessment of the Claims and Benefits of Settlement</u>

Plaintiffs believe that the claims asserted in the Actions, as reflected in evidence developed to date, have merit and support their claims. Additionally, Lead Counsel has

researched the applicable law and believes that any defenses Defendants raise can be refuted. Nonetheless, Plaintiffs and Lead Counsel recognize the expense and length of continued prosecution of the Actions against Defendants through completion of discovery, trial, and any subsequent appeals.

Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class, and is fair, reasonable, adequate, and in the best interests of the Class and represents a reasonable compromise of the claims.

### E.   <u>Defendants' Denials of Wrongdoing</u>

Defendants have vigorously denied and continue to vigorously deny, *inter alia*, that Defendants have engaged in any wrongdoing, including, without limitation, that their public statements were misleading; that they failed to disclose any material information to investors; that they acted in any deceitful manner; that any investment losses sustained by Lead Plaintiffs and the Class were caused by Defendants' alleged misconduct, and that they have any liability to the Plaintiffs and the Class in the Actions.  Defendants' counsel also have researched the applicable law and believes that Defendants can successfully defend against all claims in the Actions.  Defendants continue to believe that the claims asserted in the Actions have no merit, and Plaintiffs have no evidence to support their claims.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, and taking into account the advice and recommendations of the Insurers who are indemnifying Company Defendants for the expenses of conducting a defense in the Actions, as well as paying judgments which may be assessed as a result of the Actions, Defendants have concluded that further litigation of the Actions would be protracted, burdensome, and expensive for Defendants as well as the Insurers, and that it is desirable and beneficial that the claims asserted in the Actions be fully and finally settled and terminated in the manner and upon the terms and

conditions set forth in this Stipulation.

## II    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs, the Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Actions and the Released Plaintiffs' Claims shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Actions" mean *Cohen, et al. vs. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Civil Action No. 1:17-cv-00917-LGS (S.D.N.Y.) (the "Federal Action") and the consolidated cases captioned *Ng. v. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Case No. 17CIV00620, and *Zulch v. Kitov Pharmaceuticals Holdings, Ltd., et al.,* Case No. 17CIV01173 (Superior Court, State of California) (the "State Action").

1.1    "Authorized Claimant" means any member of the Class who is a Claimant (as defined in ¶ 1.4) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Bar Date" means the date of the Settlement Hearing.

1.3    "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by law or executive order to close in the State of New York.

1.4     "Claimant" means any Class Member (as defined in ¶ 1.6) who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5     "Claims Administrator" means the firm of Strategic Claims Services, which shall administer the Settlement.

1.6     "Class" means all persons who purchased or otherwise acquired Kitov American Depository Shares ("ADSs") between November 20, 2015 and February 6, 2017, inclusive, or ADSs or Warrants pursuant or traceable to Kitov's Initial Public Offering dated November 20, 2015 or Secondary Public Offering dated June 28, 2016.  Excluded from the Class are Defendants, all current and former directors and officers of Kitov during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

1.7     "Class Member" means any person or entity that falls within the definition of the Class as set forth in ¶ 1.6.

1.8     "Class Period" means the period from November 20, 2015 to February 6, 2017, both dates inclusive.

1.9     "Company Defendants" means Kitov Pharma Ltd., Isaac Israel, and Simcha Rock.

1.10    "Court" means the United States District Court for the Southern District of New York.

1.11    "Defendants" means Kitov Pharma Ltd., Isaac Israel, Simcha Rock, Joseph Gunnar & Co., LLC and H.C. Wainwright & Co., LLC.

1.12    "Defendants' Counsel" means the law firms of Troutman Sanders LLP and Wilk Auslander LLP.

1.13    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have been met and have occurred.

1.14    "Escrow Accounts" mean, collectively, the Notice Administration Fund and the Settlement Fund.

1.15    "Escrow Agent" means Huntington National Bank.

1.16    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.17    "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying a Class for settlement purposes only, (b) approving the scope of the Releases, and (c) ordering the Clerk of the Court to enter final judgment in the form set forth in Exhibit E pursuant to Federal Rule 54(b), finding that there is no just reason for delay of enforcement or appeal of the order, and (2) the Judgment has been affirmed in all respects on any appeal or review and is no longer subject to further appeal or review.  Additionally, a Notice of Settlement will be filed in the State Action and all processes required to secure the approval of the Settlement of the State Action must occur prior to the Settlement becoming "Final."  Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, or the approval of payment of a Compensatory Award for the time and expenses expended by Lead Plaintiffs, or any appeals solely related thereto.

1.18    "Insurers" means, collectively, HCC International Insurance Company PLC and Lloyd's Syndicates, and is inclusive of their respective reinsurers.

1.19    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit E or in such

other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Actions.  The same proposed final order and judgment shall be submitted to the State Court along with a Notice of Settlement.

1.20    "Kitov" means Kitov Pharma Ltd. (f/k/a Kitov Pharmaceuticals Holdings Ltd.)

1.21    "Lead Plaintiffs" mean Lead Plaintiffs Rotem Cohen, Jason Breunig, Wesley Ng, and Christopher Zulch.

1.22    "Lead Counsel" means Pomerantz LLP and The Rosen Law Firm, P.A.

1.23    "MOU" means the Memorandum of Understanding entered into on June 19, 2018 between Lead Counsel and Defendants' Counsel.

1.24    "Notice" means the Notice of Proposed Settlement of Class Actions, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing, which is to be sent to Class Members substantially in the form attached hereto as Exhibit B.

1.25    "Notice Administration Fund" means an interest bearing escrow account established by the Claims Administrator to receive funds pursuant to ¶ 2.0(a).

1.26    "Order of Preliminary Approval" means the order certifying the Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof and related matters set forth as Exhibit A hereto.

1.27    "Parties" means Plaintiffs and Defendants.

1.28    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.29    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.30    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.31    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Actions and Final Approval Hearing thereon to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.32    "Released Parties" means the Plaintiffs, Defendants, Plaintiffs' Released Parties, and Defendants Released Parties.

(i)      "Defendants' Released Parties" shall mean each and every past and current Defendant and, whether or not identified in any complaint filed in the Actions, each Defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, Insurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Defendants have a controlling interest or which is related to or affiliated with Defendants, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries.

(ii)     "Lead Plaintiffs' Released Parties" shall mean Rotem Cohen, Jason Breunig, Wesley Ng, Christopher Zulch, and/or their respective families, associates, affiliates, and each

and all of their respective past or present employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which any member of Lead Plaintiffs have a controlling interest or which is related to or affiliated with any member of Lead Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Actions.

1.32    "Released Defendants' Claims" means all claims, demands, rights, liabilities or causes of Actions, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Lead Plaintiffs, Lead Counsel and Lead Plaintiffs' Released Parties, arising out of the instituting, prosecution, settlement or resolution of the Actions, provided however, that Defendants and Defendants' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

1.33    "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1.38), rights, demands, suits, matters, issues, liabilities, or causes of Actions, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, could have been, or could in the future be asserted against Defendants or Defendants' Released Parties in any court of competent jurisdiction or any other adjudicatory tribunal, in

connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or described in the Complaint in the Actions, including any claims for breach of fiduciary duty and other related claims, provided however, that Lead Plaintiffs and Lead Plaintiffs' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation. Expressly excluded from the definition of Released Claims are all claims asserted in any shareholder derivative actions.

1.34    "Settled Claims" means all of the Released Plaintiffs' Claims, and/or Released Defendants' Claims.

1.35    "Settlement" means the settlement contemplated by this Stipulation.

1.36    "Settlement Amount" means Two Million Dollars ($2,000,000).

1.37    "Settlement Fund" means an interest-bearing escrow account established by the Escrow Agent to receive the amounts of funds payable by ¶ 2.0(b).

1.38    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of Actions of every nature and description which Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Plaintiffs' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each

of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiffs shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

C.    **The Settlement**

a.  **The Settlement Consideration**

In consideration of the full and final settlement of all claims asserted or which could have been asserted against Defendants in the Actions, Defendants shall cause to be paid to the Class, the Settlement Amount as follows:

(a)    Within fifteen (15) days after (i) entry of an Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), Kitov shall cause to be wired or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $250,000 (Two Hundred and Fifty Thousand Dollars) to be deposited into the Notice Administration Fund.

(b)    Within thirty (30) days after entry of the Order of Preliminary Approval, Kitov shall cause to be wired, or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $1,750,000 (One Million Seven Hundred and Fifty Dollars) to be deposited by the Escrow Agent into the Settlement Fund.

(c)    Defendants shall not be personally liable for any portion of the Settlement Amount.

b.  **The Escrow Agent**

2.1    The Settlement Funds shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar

14

instruments at their then-current market rates. Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c. Return of Funds in Certain Circumstances

2.2    Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Notice Administration Fund shall be used solely to fund reasonable out-of-pocket costs and expenses relating to the printing, mailing and publication of notices to Class Members as described in ¶ 2.7, below.  In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund the remaining balance of the Notice Administration Fund, plus accrued interest to the Defendants for the express benefits of the Insurers. Payment of all Notice related costs is Defendants' sole responsibility and shall be paid out of the Notice Administration Fund as provided in ¶ 2.0. In no event shall Lead Plaintiffs, Lead Counsel, or the Class be liable to Defendants for any sums used to fund such properly incurred out-of-pocket costs and expenses.

### d. Handling and Disbursement of Funds by the Escrow Agent

2.3    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)    As provided in ¶ 2.8, as regards Taxes, and ¶ 7.1, as regards attorneys' fees and expenses; and

(b)    To pay Taxes and Tax Expenses (as defined in ¶ 2.8(c)) on the income earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior order of the Court.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel.

2.5     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order(s) of the Court.

2.7     The Notice Administration Fund shall be used by the Escrow Agent to pay the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Costs").

Any residual monies held in the Notice Administration Fund upon the completion of notice administration for the Settlement shall be transferred to the Settlement Fund.

### e. Taxes

2.8

(a)     The Parties and the Escrow Agent agree to treat the Notice Administration and Settlement Funds as "qualified settlement funds" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice Administration and Settlement Funds (including without limitation the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Notice and Settlement Funds, and expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.

(d)     Defendants, Defendants' Counsel, Lead Plaintiffs, and Lead Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

(e)     The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' Counsel, Lead Plaintiffs and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  Neither Defendants, Defendants' Counsel, Lead Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.  Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

### f.   Termination of Settlement

2.9     The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Parties within ten (10) days of: (a) the Federal Court's denial of Lead Plaintiffs' motion for

preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Federal Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Federal Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; (d) the failure of the State Plaintiffs to file a motion with the State Court to dismiss the claims against Defendants in the State Action with prejudice within five (5) business days of the final approval of the settlement of the Federal Action; or (e) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.  In the event that this Stipulation is terminated, the Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing from the Settlement Fund for the Notice and Administration Costs of Settlement pursuant to ¶ 2.7 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Defendants.

2.10    Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation, by providing written notice of his or its or their election to do so to all other Parties within ten (10) days of:  (a) the Federal Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect as to the Defendants without leave to amend and resubmit; (b) the Federal Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Federal Court's declining to enter an Order and Final Judgment in any material respect as to the Defendants without leave to amend and resubmit; (d) Kitov's failure to timely make full payment of the Settlement Amount into the

Escrow Account; or (e) the date upon which the Order and Final Judgment of the Federal Court is modified or reversed in any material respect by any appellate court, the Court of Appeals, or the Supreme Court. Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If, prior to the Final Approval Hearing in either of the Actions, any persons who otherwise would be members of the Class have timely filed for exclusion from the Class in accordance with the provisions of the Order for Preliminary Approval and the notice given pursuant thereto (see ¶ 4.9 below), and such persons in the aggregate purchased a number of shares of American Depositary Shares during the Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Parties, Defendants, in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute among the Parties concerning its interpretation or application arises. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Lead Plaintiffs and the Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera*. Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be sent to counsel for the Parties within a reasonable time of receipt by the Claims Administrator, and in any event not less than seven (7) days prior to the Settlement Hearing.

2.12    If (i) the Defendants exercise their right to terminate the Settlement as provided in

this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) the Federal Court disapproves the Settlement as to the Defendants; or (iv) the Effective Date as to the Settlement otherwise fails to occur with respect to the Defendants, then:

       (a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice with respect to the Parties to whom the termination of the Settlement applies and only those Parties, and this Stipulation shall be null and void and shall have no further force or effect with respect to these Parties and only those Parties; and

       (b)     The Parties to whom the termination of Settlement applies and only those Parties shall revert to their respective positions in the Actions on February 14, 2018.

       **D.**     **Class Certification**

       3.0     The Parties hereby stipulate to certification of the Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement. The certification of the Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

       **E.**     **Preliminary Approval Order**

       4.0     Promptly after execution of this Stipulation, but in no event later than July 19, 2018, Lead Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of an Order of Preliminary Approval (substantially in the form of Exhibit A) that will, *inter alia*, grant preliminary approval to the Settlement; certify the Class for settlement purposes only; and authorize notification of the Settlement Class substantially in the form of Exhibits B and C hereto, along with provision of a Proof of Claim Form substantially in the form of Exhibit D.

       The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests

21

for awards of Attorney Fees and Expenses and Lead Plaintiffs Compensatory Awards (consistent with ¶¶ 7.0 and 7.5); the date of the Final Approval Hearing; Class Members' rights to opt out, object or otherwise be heard with regard to these matters; and Class Members' opportunity to file claims upon the Settlement Fund.

No later than July 19, 2018, Kitov shall obtain from its transfer agent, at Kitov's expense, a list of certificate or record holders who may have purchased Kitov's American Depository Shares ("ADSs") between November 20, 2015 and February 6, 2017, inclusive.

The Stipulation of Settlement, Notice, Proof of Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

### The Final Hearing/Objections

4.1     Following provision of Notice to the Class Members, the Court shall hold a hearing (the "Final Approval Hearing") to consider whether to approve the Settlement; approve the Plan of Allocation; and to award attorneys' fees and expenses and Lead Plaintiffs Compensatory Awards.

4.2     Lead Counsel and Defendants shall submit papers in support of the foregoing matters no later than twenty one (21) days prior to the Final Approval Hearing.

4.3     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the matters set forth in ¶¶ 2.0–7.5 must both effect service on Lead Counsel and Defendants' Counsel and file with the Court no later than fourteen (14) days before the Final Hearing its objection in the manner set forth in ¶ 4.4 below; *provided however*, that a Class Member who submits a Request for Exclusion, as defined below, shall not be able to submit an objection.

4.4     The statement of objection of the Class Member shall state (i) whether the Class

Member is a Class Member, (ii) which part of this Stipulation the Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish all purchases, acquisitions and sales of Kitov ADS during the Class Period (including the number of shares, prices, and dates of such transactions), as well as all such shares held as of the end of trading on February 6, 2017. Failure to provide such information and documentation shall be grounds to void the objection.

4.5     Any Class Member who fails to comply with any of the provisions of Section E shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Final Approval Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders and judgments in the Actions.

4.6     Any objector shall be subject to the jurisdiction of the Court and may be deposed by Lead Counsel.

4.7     Lead Counsel shall file all objections with the Court no later than seven (7) days before the Final Approval Hearing. All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Parties by that time as well.

4.8     At the Final Approval Hearing, Parties shall request that the Court enter a Judgment substantially in the form attached to this Agreement as Exhibit E.

**Requests for Exclusion**

4.9     Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Order for Notice and Hearing,

Exhibit A hereto, and is postmarked no later than the Court-ordered date. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(i), below, prior to the Bar Date.

F.      **Releases**

5.      The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Actions, any and all Released Plaintiffs' Claims, and any and all Released Defendants' Claims, as against all Released Parties.

5.1     Upon the Effective Date, Lead Plaintiffs, on behalf of themselves and Lead Plaintiffs' Released Parties, shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Defendants, and each of them, and any and all of Defendants' Released Parties, whether or not any individual Class Member executes and delivers the Proof of Claim.

5.2     Upon the Effective Date, Defendants, and each of them, on behalf of themselves and Defendants' Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Defendants' Claims against Lead Plaintiffs and any and all of Lead Plaintiffs' Released Parties including, but not limited to, Lead Counsel.

**Proof of Claims**

5.3     Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the

24

Settlement Fund.   The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Persons and shall be substantially in the form contained in Exhibit D attached hereto.

Such Proof of Claims shall be filed thirty (30) days from the date of the Final Approval Hearing, unless otherwise ordered by the Court.

All Class Members not submitting valid and timely requests for exclusion shall be bound by the Releases, whether or not they submit a valid and timely Proof of Claim and Release.

**G.      Administration and Calculation of Claims, Final Awards, And Supervision and Distribution of the Settlement Fund**

6.0      The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.  The distribution checks will be drawn upon the Settlement Fund.

6.1      Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Class Members or the allocation of any awards of Lead Plaintiffs' attorneys' fees, costs and expenses.   Any such awards shall be paid solely by the Settlement Fund.

6.2      The Settlement Fund shall be applied as follows:

(i)      To pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(ii)      To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Class, providing Notice, soliciting Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Settlement Fund to Authorized

Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)    To pay Lead Counsel's attorneys' fees and expenses, as provided in ¶ 7.1 (the "Fee and Expense Award"), to the extent allowed by the Court;

(iv)    To pay Compensatory Awards to the members of the Lead Plaintiffs group as provided in ¶ 7.5, to the extent allowed by the Court;

(v)    To pay the Claims Administrator's fees and expenses reasonably incurred in the claims administration of the Settlement; and

(vi)    Upon court approval, to distribute the balance of the Settlement Fund, that is, the total Settlement Fund less the items set forth in ¶¶ 6.2(i), (ii), (iii), (iv) and (v) (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3    Upon the entry of the Judgment and thereafter, subject to ¶ 2.3 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(vii)    Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit D hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than thirty (30) days from the Final Approval Hearing, unless otherwise ordered by the Court; and

(viii)   Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any Actions against the Released Parties concerning the Settled Claims.

6.4   No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.5   The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may direct and approve.

6.6   This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

6.7     Defendants and their corresponding Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.8     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

**H.     Attorneys' Fees and Expenses**

7.0     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Actions as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion among itself and other Plaintiffs' counsel that were involved in the Actions, solely from the Settlement Fund no later than five (5) business days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or award

of such Fees and Expenses or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order. Lead Counsel further agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Lead Counsel in the event that this Settlement does not become Final; in such situation, payment of all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within ten (10) days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.3.

7.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel and any other Plaintiffs' counsel to whom Lead Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund no later than fifteen (15) calendar days after any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3     The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or

cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Actions.

      7.4     Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

      7.5     Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

### Lead Plaintiffs' Compensatory Award

      7.6     Lead Counsel may submit an application to the Court to authorize the payment of a Compensatory Award from the Settlement Fund for the time and expenses expended by the members of the Lead Plaintiffs group in assisting Lead Counsel in the litigation of this Actions. Subject to the payment terms in ¶ 2.0, payment for any Compensatory Award payable in cash shall be payable to the members of the Lead Plaintiffs group five (5) days after the Effective Date.

### I.     Effect of Disapproval, Cancellation or Termination

      8.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

      (a)     Defendants have caused the contributions to be made to the Settlement Fund, as required by ¶ 2.0 above;

      (b)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

      (c)     the Judgment has become Final, as defined in ¶ 1.17 hereof; and

(d)     dismissal of the State Action with prejudice.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any award of attorneys' fees and expenses, or (c) the granting of a Compensatory Award to Lead Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.  The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2     In the event that this Stipulation is not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein.  Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Stipulation, no breach by any Party of its obligations under this Stipulation shall permit any other Party to terminate this Stipulation or, after the Effective Date, affect or impair the disposition of the Actions or release of claims contemplated by ¶ 5.1. If the Effective Date does not occur because Defendants have failed to cause the full Settlement Amount of $2.0 million to be paid into the Escrow Account at the time required by this Stipulation, Plaintiffs, but not Defendants, shall have the right to either (i) terminate the Settlement and proceed in the Actions, or (ii) to enforce the Settlement against Defendants upon the terms herein.

8.3     Unless otherwise ordered by the Court, in the event the Stipulation is terminated,

31

or is canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶ 2.9 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶¶2.3-2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.7 hereof, shall be refunded by the Escrow Agent the Insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Insurers. At the request of the Insurers, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the Insurers.

8.4    In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Actions immediately prior to the execution of this Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.0-1.36; ¶¶ 8.2-8.5 hereof, shall have no further force and effect and shall not be used in this Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5    If the Effective Date does not occur, neither Lead Plaintiffs nor Lead Counsel

shall have any obligation to repay any amounts actually and properly disbursed from the Notice Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 8.3.

8.6     Within five (5) business days of the final approval of the settlement of the Federal Action, the State Plaintiffs shall file a motion to dismiss the claims against Defendants in the State Action with prejudice.

**J.     Miscellaneous Provisions**

9.0     This Stipulation, and all related documents, shall not be (i) construed as or deemed to be evidence of any presumption, an admission or concession on the part of any Defendant, or any of Defendants' Released Parties (as defined in ¶ 1.29(i)), with respect to any claim of any fact alleged by Lead Plaintiffs or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or any deficiency or any defense that has been or could have been asserted by the Defendants in this Actions or in any other litigation, (ii) construed as or deemed to be evidence of any liability, negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties, or (iii) in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative Actions or proceeding.  Unless in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, the Parties, and each of them, shall not assert or pursue any Actions, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure.  Further, the Parties, and each of them, will not deny in any statement made to

any media representative that the Actions are being settled voluntarily after consultation with competent counsel.  Other than the above, or as otherwise provided for herein, the Stipulation and this Agreement shall not in any way limit the statements that the Company Defendants may make to any media representative or Company public filings with respect to the settlement of the Actions.  The Parties, and each of them, and their respective counsel agree that the Actions was resolved in good faith, following arm's length bargaining.  The Parties, and each of them, and their respective counsel, shall not make, or cause to be made, any statements, observations, or opinions or communicate any information (whether oral or written. true or false) that disparages or is likely in any way to harm or impugn the reputation of any of the Parties in relation to this Settlement or the Actions settled herein.

9.1     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2     The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Actions as well as any disputes which could have been raised in the Actions by Lead Plaintiffs, the Class, and Lead Plaintiffs' Released Parties, and each or any of them, against Defendants and Defendants' Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and a final and complete resolution of all disputes between

34

them with respect to the Actions as well as any disputes which could have been raised in the Actions by Defendants and Defendants' Released Parties, and each or any of them, against Lead Plaintiffs the Class, Lead Plaintiffs' Released Parties, Lead Counsel, and each or any of them, on the other hand.   Additionally, as among and between Defendants and Defendants' Released Parties, and each or any of them, Defendants intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Actions.   Accordingly, the Parties agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution) that the Actions was brought by Lead Plaintiffs or defended by any the Defendants, or each or any of them, in bad faith or without a reasonable basis.   The Judgment will contain a statement, made by each Party and its respective counsel solely with respect to such Party and its respective counsel, that during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.   The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Except as otherwise provided herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.4     The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

9.5     The MOU executed by the Settling Parties shall remain confidential after this Stipulation is filed with the Court, subject to the terms of confidentiality set forth therein the

MOU.

Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)    may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and Defendants' Released Parties, or any of them; or

(ii)    may be deemed, or shall be used, offered or received against Lead Plaintiffs, the Class, Lead Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Actions, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Actions.

If this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any Actions that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.10    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.11    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate Actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and the Released Parties.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this

Stipulation. Notwithstanding the above, if disputes arise between or amongst the Parties regarding the finalization of Settlement-related documents, the Parties shall submit such dispute to the mediator, Mr. David Geronemous, Esq. of Judicial Arbitration and Mediation Services ("Mediator"). The decision of the Mediator as to any such dispute shall be final and binding on the Parties.

 9.15 This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

 9.16 This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arm's length negotiations among the parties. Whereas all parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

 9.17 Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery to the address set forth below:

If to Lead Plaintiffs, then to:  Jeremy Lieberman
             Tamar Weinrib
             **POMERANTZ LLP**
             600 Third Avenue 20th Floor
             New York, NY 10016
             jalieberman@pomlaw.com
             taweinrib@pomlaw.com

             Laurence M. Rosen
             Jonathan Stern

**THE ROSEN LAW FIRM**
275 Madison Ave, 34th Floor
New York, NY 10016
lrosen@rosenlegal.com
jstern@rosenlegal.com

If to Defendants, then to:        Aurora Cassirer
**TROUTMAN SANDERS LLP**
405 Lexington Avenue
New York, NY 10174
aurora.cassirer@troutmansanders.com

Anthony Del Giudice
**WILK AUSLANDER LLP**
1515 Broadway
43rd Floor
New York, NY 10036
adelgiudice@wilkauslander.com

9.18    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.19    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Amended Stipulation to be executed, by their duly authorized attorneys, dated July27, 2018.

Dated: July 27, 2018

POMERANTZ LLP

/s/

Jeremy Lieberman
Tamar A. Weinrib
600 Third Ave., 20th Floor
New York, NY 10016
*Attorneys for Lead Plaintiffs*

THE ROSEN LAW FIRM, P.A.

/s/

Laurence M. Rosen
Jonathan Stern
275 Madison Avenue, 34th Floor
New York, NY 10016

*Attorneys for Wesley Ng and
Christopher Zulch*

TROUTMAN SANDERS LLP

Aurora Cassirer
405 Lexington Avenue
New York, NY 10174
*Attorneys for Company Defendants*

WILK AUSLANDER LLP

/s/ Anthony Del Giudice /adc

Anthony Del Giudice
1515 Broadway
43rd Floor
New York, NY 10036

40

*Attorneys for Defendants Joseph Gunnar & Co., LLC and H.C. Wainwright & Co., LLC*