UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROTEM COHEN AND JASON BREUNIG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>KITOV PHARMACEUTICALS HOLDINGS LTD., ISAAC ISRAEL, and SIMCHA ROCK,<br><br>　　　　　Defendants. | **Civil Action No.: 17-cv-00917-LGS**<br><br><br>**Motion Date: January 24, 2019** |

**LEAD PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFFS' AWARDS**

**POMERANTZ LLP**
Jeremy A. Lieberman
Tamar A. Weinrib
Brenda Szydlo
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
Email: jalieberman@pomlaw.com
Email: taweinrib@pomlaw.com
*Lead Counsel for Plaintiffs*

Lead Plaintiffs Rotem Cohen and Jason Breunig (together, "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] respectfully submit this reply brief to update the Court regarding objections and requests for exclusion received since the filing of Lead Plaintiffs' opening papers on January 3, 2019.

Objections and requests for exclusion both had to be received no later than January 10, 2019. *See* Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement on September 19, 2018 (Dkt. No. 70) ("Preliminary Approval Order"), ¶¶21, 25.  As of January 17, 2019, the Claims Administrator has mailed a total of 11,666 Notice and Claim Forms to potential Settlement Class members or nominees, published the Summary Notice over *GlobeNewswire* and in *Investor's Business Daily* on October 15, 2018, and posted the Notice and Claim Form, the Preliminary Approval Order, and the Stipulation of Settlement and its exhibits for download on its website.  *See* Supplemental Declaration of Sarah Evans Concerning The Mailing Of The Notice And Claim Form, Requests For Exclusion Received, And Objections Submitted ("Evans Supp. Decl."), dated January 16, 2019, attached hereto as Exhibit 1, ¶¶4-5; Declaration of Sarah Evans Concerning the Mailing of CAFA Notice, Mailing of the Notice and Claim Form, and Publication of the Summary Notice, dated January 3, 2019 ("Evans Decl."), (Dkt. No. 76-1) ("Evans Decl."), ¶¶7-10.

Class Members have responded positively.  As of January 17, 2019, there have been no requests for exclusion and only two objections—one objection to attorneys' fees and one objection to the payment of settlement proceeds to warrant holders. Evans Supp. Decl. ¶¶6-7,

---

[1] Unless otherwise indicated, all capitalized terms herein have the meanings set forth in the set forth in the Stipulation of Settlement, dated July 27, 2018 ("Stipulation") (Docket ("Dkt.") No. 65).

Exhibit A; Dkt. Nos. 77, 78.  Neither objection should impact the Court's decision on either the motion for final approval of settlement or the motion for attorneys' fees and expenses.

Zachary Prensky, the sole individual to object to the motion for attorneys' fees, sold the entirety of his position in Kitov Pharmaceuticals Holdings Ltd. ***prior*** to the February 6, 2017 corrective disclosure date ***for a gain***.  Mr. Prensky is therefore not a member of the proposed settlement class, which excluded "Persons who have no compensable damages" (Dkt. No. 70, ¶2), and as such lacks standing to object to the settlement in any respect. *In re Initial Public Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2011 WL 3792825, at *1 (S.D.N.Y. Aug. 25, 2011) ("to be a class member Hayes must… [have been] damaged thereby.")[2]  In any event, Mr. Prensky does not challenge the fairness of the settlement or plan of allocation but rather asks that the Court indulge his unfounded desire to review Lead Counsel's time sheets and question Pomerantz Managing Partner Jeremy Lieberman at the January 24, 2019 Final Approval Hearing.  Aside from the obvious standing issue, Mr. Prensky has provided no basis for seeking Lead Counsel's time sheets or challenging the requested attorneys' fee.  As the Second Circuit clearly stated in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 48-50 (2d Cir. 2000), where, as here, the lodestar is "used as a mere cross-check" to a percentage calculation, "the hours documented by counsel need not be exhaustively scrutinized by the district court." *See also In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 281 (3d Cir. 2009). Moreover, as set forth in Plaintiffs' opening papers, the requested fee of one-third, or $666,666.67 (not $816,666.67, or forty percent, as Mr. Prensky mistakenly states in his objection, Dkt. No. 77, ¶ 5) represents a modest multiplier of 1.03, which is well within the range deemed reasonable by this Court and other courts within this district.  *See, e.g., McIntire v. China MediaExpress*

---

[2] Lead Counsel informed Mr. Prensky of his lack of standing via letter, dated January 11, 2019, attached hereto as Exhibit 2.

*Holdings, Inc.,* 11-CV-0804, Document No. 263 (S.D.N.Y. Sept. 18, 2014) (awarding attorneys' fees of 33.3%, representing a 1.57 multiplier); *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347 (S.D.N.Y. 2014) (awarding attorney's fees of 25%, representing a 5.2 multiplier). Indeed, the requested fee equates to a mere fraction of the market value of the work of Lead Counsel in both this Action and the State Action. Mr. Prensky states in his objection that he intends to seek an adjournment of the Final Approval Hearing if Lead Counsel does not turn over the requested time sheets. Dkt. No. 77, at 8. Given that Mr. Prensky has no standing to object, has provided no basis for his objection, and the Class has been sent notice providing for a January 24, 2019 Final Approval Hearing date, Plaintiffs respectfully submit that the Court should deny any request by Mr. Prensky for an adjournment.

The second objector, Zachary Adamany, challenges the payment of settlement proceeds to himself and other warrant holders requesting instead that he receive "an extension on my warrants," or have his "strike price reduced to the latest offering price." Dkt. No. 78. Mr. Adamany does not state anywhere in his objection that the Settlement is in any way unfair or unreasonable. If Mr. Adamany did not want to receive a payout from the Settlement, he could have requested exclusion before the January 10, 2019 deadline as instructed in the Notice, and sought his own relief. He did not do so. Moreover, Mr. Adamany's request appears to seek modification of the settlement without consent of the parties, contradicting the preliminary approval order. (Dkt. No. 70 ¶7). Additionally, the particular modification Mr. Adamany proposed is infeasible. Modification of registered securities such as warrants requires SEC approval, and compensating ADR holders with cash while compensating warrant holders with modifications of their securities would enormously complicate any plan of allocation. Mr.

3

Adamany's objection thus provides no basis for denying relief to the Settlement Class as set forth in the Stipulation and Notice documents.

With a scant two objections and no requests for exclusion, the reaction of the Settlement Class thus confirms the fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the request for attorneys' fees, expenses, and Lead Plaintiffs' awards.  "[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] Grinnell inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Where, as here, only a tiny proportion of the class has objected, the most important Grinnell factor is satisfied. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) ("The District Court properly concluded that this small number of objections [18 objections to settlement with 27,883 class notices sent] weighted in favor of the settlement."); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457, 458 (S.D.N.Y. 2004) (six objections out of a class of approximately one million was "vanishingly small" and "constitutes a ringing endorsement of the settlement by class members"); *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-cv-42, 2013 WL 4525323, at *7 (E.D.N.Y. Aug. 27, 2013) (approving settlement where 183 members out of "hundreds of thousands" opted out, and two objected).

There have been no objections to the request for $47,706.99 in expenses that were actually and reasonably incurred litigating this Action.  That number is less than a third of the $150,000 in litigation expenses indicated in the Notice.  There have also been no objections to the request for $10,000 in Lead Plaintiff compensatory awards ($2,500 each to the Lead Plaintiffs in this Action--- Rotem Cohen and Jason Breunig, and to the Lead Plaintiffs in the State Action--- Christopher Zulch and Wesley Ng).

Accordingly, Plaintiffs respectfully request that the Court (1) finally certify the Settlement Class, (2) grant final approval of the Settlement, (3) enter the Proposed Order and Final Judgment (Dkt. No. 72-1) and enter the Proposed Order Granting Request For An Award Of Attorneys' Fees, Reimbursement Of Expenses, And Awards For Lead Plaintiffs (Dkt. No. 74-1), (4) award Lead Counsel attorneys' fees in the amount of $666,666.67 and reimbursement of $47,706.99 in litigation expenses that were actually and reasonably incurred in this Action, and (5) award $10,000 in compensatory awards for the Lead Plaintiffs (in total).

Dated: January 17, 2019

Respectfully submitted,

*/s/ Tamar A. Weinrib*
Jeremy A. Lieberman
Tamar A. Weinrib
Brenda Szydlo
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

>                                      */s/ Tamar A. Weinrib*
>                                      Tamar A. Weinrib