**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROTEM COHEN AND JASON BREUNIG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiffs, | **Civil Action No.: 17-cv-00917-LGS** |
| vs. | |
| KITOV PHARMACEUTICALS HOLDINGS LTD., ISAAC ISRAEL, and SIMCHA ROCK, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING REQUEST FOR AN AWARD OF ATTORNEYS'
FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS FOR LEAD PLAINTIFFS**

WHEREAS, on March 22, 2019 the Court entered a Final Order and Judgment that granted approval of the settlement of this Action as fair, reasonable, and adequate;

WHEREAS, Lead Counsel for the Settlement Class have applied for an award of attorneys' fees of $666,666.67 plus accrued interest, reimbursement of litigation expenses in the amount of $47,706.99 to be paid from the Settlement Fund, and an award in the amount of $10,000 to Lead Plaintiffs to be paid from the Settlement Fund ($2,500 each to Rotem Cohen, Jason Breunig, Wesley Ng, and Christopher Zulch);

WHEREAS, the capitalized terms in this Order have the same meanings as they have in the Stipulation of Settlement, dated July 27, 2018.

NOW, THEREFORE, based on the submissions of the parties, the arguments of Lead Counsel at the final fairness hearing held on January 24, 2019, and the entire record in this Action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      Lead Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiffs is granted.  Lead Counsel is awarded attorneys' fees in the amount of one-third of the Settlement Fund, or $ 666,666.67, and awarded reimbursement of litigation expenses in the amount of $47,706.99.  In making this award, the Court has considered and found that the requested attorneys' fees are reasonable in light of the following considerations:

   a. In applying the *Goldberger* factors, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), this Court adopts the three-step approach set forth in *Colgate-Palmolive*. *In re Colgate-Palmolive Co. ERISA Litigation*, 36 F. Supp. 3d 344, 348 (S.D.N.Y. 2014).  The first step is to determine a baseline reasonable fee by reference to other common fund settlements of a similar size, complexity and subject matter.  *Id.*  This step considers three of the *Goldberger* factors -- the

requested fee in relation to the settlement, the magnitude and complexity of the case, and the policy consideration of avoiding a windfall to class counsel. *Id.* The second step is to make any necessary adjustments to the baseline fee based on the *Goldberger* factors of risk, quality of representation and other public policy concerns. *Id.* The third step is to apply the lodestar method as a cross-check, which addresses the final *Goldberger* factor of the time and labor expended by counsel. *Id.*

b. With regard to the first step, for the purposes of comparing fee amounts in other class actions, evidence shows that for class actions of a similar size to this one, the median percentage for fees is 29.3% of the gross settlement fund. *See* Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 835, 839 (2010) (analyzing nearly 700 common fund settlements from 2006 and 2007, the median is 29.3% for gross settlement funds between $1.75 and $2.85 million with a standard deviation of 7.9%). A study of recent trends in Securities Class Actions states that between 2012-2017, for securities class actions that resulted in settlements below $5 million, the median attorneys' fees and expenses was 30% of the settlement. *See* Stefan Boettrich and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2017 Full-Year Review*, NERA Economic Consulting, at 42. The magnitude and nature of this case point toward a baseline fee percentage that falls within the range of the median fees found by the empirical studies, or approximately 30%.

c.  With respect to the second step, weighing the public policy goal of encouraging lawyers to bring securities class actions that protect investors, the risk undertaken by counsel, the quality of representation in this case, and the number of participating class members, there is no reason to deviate downward from the baseline fee.  *See Goldberger*, 209 F.3d 43, 53 (2d Cir. 2000) (citation omitted).

d.  As for the third step, the Second Circuit encourages the use of the lodestar method as "cross check" on the reasonableness of the requested percentage. *Goldberger*, 209 F.3d at 50.  However, when used as a cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. *Id.*  Based on 900.45 hours worked and attorneys' fees that range from $275 to $925, Class Counsel calculates a lodestar multiplier of 1.03.  The Court finds that the hours Class Counsel has spent on this case are reasonable.  As for the reasonableness of the hourly rate, based on "the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill," *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15 Civ. 6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) (citation omitted), the hourly rates are reasonable.  *See Rudman v. CHC Grp. Ltd.*, No. 15 Civ. 3773, 2018 WL 3594828, at *3 (S.D.N.Y. July 24, 2018) (finding that hourly rates ranging from $210 to $985 per hour are appropriate for class counsel).  The lodestar multiplier is below the median multiplier in similar class actions.  *See* Fitzpatrick, *An Empirical Study of Class Action Settlements*, at 833-34 (analyzing 218 class action settlements to conclude that the median lodestar multiplier was 1.34).  Based on

3

an analysis of the *Goldberger* factors, Class Counsel's request for attorneys' fees is reasonable and is therefore granted.

2.      The attorneys' fees awarded herein shall be paid from the Settlement Fund after payments are substantially made to class members.

3.      The Court finds that the expenses incurred by Lead Counsel and Rosen Law in the amount of $47,706.99, are reasonable and appropriately expended to benefit the Settlement Class. Reimbursement for such expenses is payable immediately.

4.      In reviewing the affidavits filed by Lead Plaintiffs regarding their efforts in litigating this case, they are granted a collective award of $10,000, each Lead Plaintiff being awarded $2,500, as a reimbursement for lost time in connection with the prosecution of this Action. These payments shall be made at approximately the same time as payments from the Settlement Fund are made to class members.

SO ORDERED this 28th day of March, 2019.

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE