**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROTEM COHEN AND JASON BREUNIG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiffs, | **Civil Action No.: 17-cv-00917-LGS** |
| vs. | |
| KITOV PHARMACEUTICALS HOLDINGS LTD., ISAAC ISRAEL, and SIMCHA ROCK, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION**
**TO DISTRIBUTE THE SETTLEMENT FUND**

Lead Plaintiffs Rotem Cohen and Jason Breunig (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, submit this memorandum of law in support of their Motion for an Order for Final Distribution of the Settlement Fund.[1]

Based on the analysis prepared by Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator in this action, Claimants have submitted 261[2] valid and properly documented proofs of claims, representing Recognized Losses of $508,171.67 for the American Depository Shares ("ADSs") and $132,365.00 for the Warrants.[3]  Thus, the $2,000,000 recovery in this action represents a gross recovery of approximately 312.2%[4] and a net recovery of approximately 184.8%[5] of total Recognized Claims filed in this matter, which is an exceptionally high percentage relative to the average recovery in securities fraud class actions.

Lead Plaintiffs now seek to distribute the Net Settlement Fund totaling $1,183,716.25[6] to the Authorized Claimants on a *pro rata* basis.  Lead Plaintiffs also seek an Order approving the

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Stipulation of Settlement dated July 27, 2018 (Docket ("Dkt.") No. 65) ("Settlement Stipulation").

[2] This number includes 252 timely filed valid claims and 9 late but otherwise valid claims.

[3] *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Dec."), submitted herewith, ¶5a.  As explained therein, claims filed with shares purchased on February 6, 2017 were accepted, consistent with the definition of the Class, and were calculated using the formula under Section 10(b).  Recognized Losses for ADSs only increased by $13,703.37 as a result. *Id.*, fn. 3.

[4] The $2,000,000 Settlement amount divided by $640,536.67 of Recognized Claims.

[5] The net recovery represents the total amount available for distribution to valid claimants of $1,183,716.25 (see below) divided by total Recognized Claims of $640,536.67.

[6] This represents the Settlement Fund of $1,750,000, plus the balance of $153,984.34 in the Notice Administration Fund, plus interest of $4,105.57, less the following: legal fees of $666,666.67, payable from the Settlement Fund after payments are substantially made to class members; legal expenses of $47,706.99; and payments to Lead Plaintiffs of $10,000 total.

donation of any remaining funds post distribution to the Legal Aid Society (http://www.legal-aid.org/en/home.aspx).

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

## BACKGROUND

By Order and Final Judgment dated March 22, 2019 (Dkt. No. 86) (the "Final Order"), the Court approved the $2,000,000 settlement as fair, reasonable, and adequate and directed the parties to consummate the Settlement Stipulation in accordance with its terms and provisions.

The Net Settlement Fund available for distribution is $1,183,716.25 and reflects payment of prior-awarded attorney's expenses, payment of the Lead Plaintiffs' compensatory awards, $666,666.67 in prior-awarded attorneys' fees to be paid after substantial payments are made to class members, and funds set aside for payment of Notice and Administration costs.

## CLAIMS ADMINISTRATION

By the Court's Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement dated September 19, 2018 (Dkt. No. 70) ("Preliminary Approval Order"), Class Members wishing to participate in the Settlement were required to submit Proofs of Claim by mail, postmarked no later than January 3, 2019.  As a result of a very effective notice program, SCS has received 885 Proofs of Claim to date.  *See* Bravata Dec. ¶4. SCS recommends that any claim after April 12, 2019 be barred on grounds of lack of timeliness.

As demonstrated in the Bravata Dec., SCS received and reviewed these claims and, to the extent that a claim was deficient in any regard, SCS notified Claimants of the deficiencies and advised them regarding potential cures.  *Id.* at ¶5.  SCS recommends rejection of 624 claims either because they were improperly documented (30 claims) or ineligible (594 claims).  *Id.* at

¶5b-c.  Attached as Exhibits C and F to the Bravata Dec. are copies of the notice of rejection letters used to notify Claimants of the rejection of their claims in part or in their entirety.

Lead Plaintiffs respectfully request that the Court approve SCS' recommendations on accepting and rejecting claims as set forth herein.

## THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

SCS was responsible for mailing Class Notices, maintaining a website and Claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and distributing the Net Settlement Fund to accepted Claimants.  Pursuant to Paragraph 12 of the Preliminary Approval Order, $250,000 of the Settlement Amount was wired to the Escrow Agent for deposit into a Notice Administration Fund to pay Notice and Administrative Costs.  To this end, the Administrative Costs are $96,607.42, well below this threshold.  The unused portion of the $250,000 notice and administrative allowance is $153,984.34 and becomes part of the $1,183,716.25 available for distribution to valid claimants.

## DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiffs respectfully request that the Court enter an order directing and authorizing distribution of the balance of the Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and requested herein and any taxes owing (the "Net Settlement Fund"), totaling $1,183,716.25, to the Settlement Class Members whose 261 claims have been accepted, as set forth on the list of accepted claims submitted with the Bravata Dec., in proportion to their Recognized Claims as shown therein.  Bravata Dec. Exs. B-1 and B-2.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and

discharged from any and all claims arising out of such involvement beyond the amount allocated to them.  Accordingly, Lead Plaintiffs respectfully request that the Court bar any further claims against the Net Settlement Fund filed after April 12, 2019, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

If, no earlier than six months from the date of this Order, there is any unclaimed, residual amount in the Settlement Fund, it will be redistributed *pro rata* to all Claimants who have cashed their checks from the first distribution (so long as their proportionate share is $10.00 or more). Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, Lead Plaintiffs request that the balance be paid to the Legal Aid Society (http://www.legal-aid.org/en/home.aspx).

## CONCLUSION

Lead Plaintiffs respectfully request that this Court grant their Motion for an Order to Distribute the Net Settlement Fund.

Dated: May 1, 2019                                   Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Tamar A. Weinrib*
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181

*Lead Counsel for Lead Plaintiffs and the Class*